of these sections given in Wagner v. Railway Co., supra, that is as far as the case is within the jurisdiction of the common pleas court.

Second: Even if the decision of the probate court is not final on the jurisdictional questions, the bill of exceptions thereto was not taken or filed in time.

On the trial to the jury, the bill of exceptions on which the petition in error of the plaintiff is grounded, among other things, shows that the defendant was permitted over the objection of the plaintiff to prove the value of this five foot strip and to prove that this line of telegraph would interfere to the detriment of the defendant in the operation of its railroad. The charge of the court did not confine the recovery to what it was possible to appropriate under the statutes. All that could be appropriated was a right to erect poles and string wires in such a manner as not to interfere with the use of the defendant of its railroad, and subject to be removed on notice that the railroad desired to use the part of the right of way occupied by the poles and wires; subject also to be removed clear off of the right of way on notice, whenever the defendant should have occasion to use all of its right of way for railway purposes. The compensation and damages for such an appropriation could not be other than nominal. That this testimony and this charge did mislead the jury is shown by the amount of the verdict.

The judgment of the probate court confirming the verdict is reversed, and the cause will be retained here for the assessment of compensation and damages by jury.

Newbegin & Newbegin, (Defiance, O.) and Beer & Monnett, (Bucyrus, O.), for Telegraph Company.

Foote and Estabrook, for Railway Company.

---

(Lucas County Common Pleas.)
FREDERICK RADDATZ v. WM. F. RADDATZ.

---

(1). A divorce will not be granted where it appears that both parties are nearly 70 years old; where the husband has in fact been guilty of extreme cruelty towards his wife, having abused her while drunk, but where this happened seven years ago, and separated at the time and have not lived together since, but friendly relations existing between the two, and he having contributed to her support; where it further appears that the wife does not really care for the divorce, but that the purpose of the suit is to get possession of the husband's property at the instigation of the son.

(2). In such case the court orders the husband's property for a time at least to remain in the control of the court, as it may be needed for the wants and necessities of these old people in their last days.

---

Action for Divorce.
BARBER, J.

This contested divorce case was tried the first of the term and the decision reserved.

It is out of the ordinary. Both plaintiff and defendant are nearly seventy years old.

The petition asks for a divorce on four grounds: willful absence, extreme cruelty, habitual drunkenness and gross neglect of duty.

After full consideration the divorce is denied. The evidence sustains the charge of extreme cruelty. It does not sustain the other charges. The extreme cruelty covered a period of one or more years, but ceased entirely more than seven years ago. At that time they had their last quarrel, and defendant in a state of intoxication abused his wife and assaulted her. She very properly refused to live with him any longer, and excluded him from the house. The separation was accepted by both parties, and they have ever since lived apart by common consent. Each has lived in this manner these seven years without the least further trouble. Their relations have not been unfriendly. Immediately after the last quarrel and assault, plaintiff began a suit for divorce. It was pending for some two years, and then abandoned. The defendant never molested his wife since the separation, and she makes no complaint against him for anything occurring since.

While the husband has not contributed to her support to any great extent, the evidence shows that their relations continued in this way at the desire and with the acquiescence of each. They had friendly and neighborly dealings also. At one time defendant gave plaintiff $65 (she says—he says $90) to tide her over a sick spell. They lived in separate houses, near together, and never cohabited.

The cruelty of defendant to his wife was confined entirely to a few occasions when he would get on a drunken spree. The last one was the most serious. Barring this inexcusable and unreasonable treatment of his wife at such times, the defendant is not a bad man. He is an honest, hard working German. The old man has worked all his life quite steadily at the hardest kind of manual labor, and the charge of habitual drunkenness is clearly disproved. He works to-day faithfully, though his

wages are small. He seemed honest and frank on the witness stand. He showed no animosity to wife or child, but rather respect and regard. He had no complaint to make of them, or desire to screen himself, or justify himself. It appeared, however, clearly in evidence, in fact, it went undisputed, that the real purpose of this suit was not a divorce, but to get the old man out of the house, and to get the property. He now lives, and has been living, cooking and keeping house by himself, in a little cottage, the title to which is in the plaintiff, but the evidence shows it was earned by the hard work of both.

The husband contributed as much or more than the wife. The plaintiff owns another house, and lives in it with their son, now twenty-three years old. This house was bought with insurance money left by their deceased daughter to the plaintiff, and which was upon her life.

Ever since the separation, the son has stood by his mother, helped support her, and been a faithful son generally. As the plaintiff cannot now work as she used to, he is now perhaps her only support. It was made clear that the son too wanted to get his father out of this house, and had tried to persuade him to give it up and avoid the trial of this case. He told his father he wanted to get married and use it, or the other one, and put the mother in this one.

Upon cross-examination by the court, after the case was fully tried, the plaintiff herself said to the court, that she did not care for a divorce. She admitted she began this case after all these years of separation to get the property. The case she abandoned years ago was dismissed for want of prosecution. There are other facts undisputed, and some disputed, not necessary to review.

Under these circumstances, the divorce ought not to be granted. It is not necessary to divorce these old people to divide up the property.

Neither do the facts warrant the court in putting the old gentleman out of the house. In equity it is as much his as hers. He should be decreed the use of it for life, if he desires to live there. To order it sold and divided between them does not now seem best. It may be in the future. It may be needed to help out the last days of both. While able to work, he should pay the taxes and keep it in repair. It is not shown that at his age he earns much more than a living. The property for a time at least ought to be under control of the court. It may be needed to meet the wants and necessities of their last days. Counsel and parties may be further heard upon this phase of the case before the term ends.

The court may be notified accordingly.

Southard & Southard, for Plaintiff.
John W. Enright, for Defendant.